UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
(at Bowling Green)

| | |
|---|---|
| UNITED STATES OF AMERICA,             )<br>                    PLAINTIFF       )<br>                                                          )<br>vs.                                                      )<br>                                                          )<br>DALLAS NORRIS,                              )<br>                    DEFENDANT    )<br>                                                          )<br>_____ | CASE NUMBER<br>1:11-CR-0034-R |

**ORDER SUPPRESSING EVIDENCE**

This matter is before the Court on motion of Defendant Dallas Norris, by Counsel, to suppress the evidence seized by the Kentucky State Police pursuant to the search warrant. After hearing held on _____, and the Court having been otherwise sufficiently advised, the Court finds that the Kentucky State Police received an anonymous tip by phone which was insufficient by itself to support a finding of probable cause and that, in order to corroborate the tip, the Kentucky State Police Troopers Daniel White and Jeremy Hodges went to the home of the Defendant, knocked on the front door of his trailer and when no one answered they began walking around the curtilage searching for persons and marijuana around a building they suspected of harboring marijuana. The Court finds that this area was approximately 1500 feet from the street, behind a gate and fence, set apart from the fields in the front of the property, surrounded in the rear by a tree line and that the troopers even walked in an area under the shed roof attached to the building where gardening and farming implements were kept, and that the area was surrounded by cut grass and a park-like setting, including wildlife feeders. The Court finds that this area was in the curtilage area in the vicinity of the Defendant's home, a single-wide mobile home, that it was used by the Defendant for activities of daily life and that the

Defendant excluded members of the public from the area.  The Court finds that the Kentucky Troopers searched in the area knowing that the Defendant was not at home and without any exigent circumstance which could justify the invasion of the curtilage, the private areas around Defendant's home.  The Court thus concludes that the search conducted by the Kentucky State Police prior to the obtaining of the search warrant was illegal, and that the discovery of the "smell of marijuana" was therefore a "fruit of the poisoned tree" and could not lawfully provide the basis for the search warrant, so that the evidence seized should be suppressed.

FURTHER, the Court takes judicial notice of the weather reports on the day of the search that the wind was generally out of the southwest, and considers the testimony of the witnesses in finding that the testimony that the marijuana was smelled to the southwest of the building where it was found is, at best, lacking in credibility.

FURTHER the Court finds that the uncorroborated "anonymous tip" received by the Kentucky State Police lacked sufficient indicia of reliability to be relied upon to provide a basis for the search warrant.

For these reasons the Court hereby orders that the evidence seized by the Kentucky State Polices shall be suppressed and shall not be admissible at trial.